# In re Hon. Theodore S. Mandeville, Jr.

[481 A.2d 1048]

No. 83-428

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed July 27, 1984

*Douglas Richards* of *Plante, Richards, Terino & Hanley, P.C.*, Springfield, special counsel to Judicial Conduct Board.

*Theodore S. Mandeville, Jr.*, Rutland, pro se, Defendant-Appellant.

**Per Curiam.** This is a disciplinary procedure brought against a judicial officer pursuant to the Rules of Supreme Court for Disciplinary Control of Judges, 12 V.S.A. App. I, Part IV. The defendant is a district judge, Brandon-Waterbury Circuit, for the State of Vermont. A complaint was lodged against the defendant charging that he had violated Canon 2A of the Code of Judicial Conduct, 12 V.S.A. App. VIII, Administrative Order

No. 10 dated 16 April 1975 in that he failed to conduct himself, at all times, in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Judge Mandeville granted an interview to a reporter for the Rutland Herald, a newspaper of general circulation in Vermont. In the subsequent article published in the Herald, the judge was quoted as having said, "A plea of guilty shows that the defendant has some kind of repentance for what he did that would not hold true in a trial. In that case he would not be dealt with as leniently." The issue before us is whether the judge's statements violated the judicial canon requiring public confidence in the integrity and impartiality of the judiciary. We hold that they do.

■  We have held that the burdens imposed by the Canons of Judicial Conduct upon those who accept judicial office are extremely high. "The Canons of Judicial Conduct are standards measuring fitness for judicial office and therefore embrace tests of behavior relating to integrity and propriety that condemn actions in which the average citizen can freely indulge without consequence." *In re Douglas,* 135 Vt. 585, 592, 382 A.2d 215, 219 (1977).

■  The Sixth Amendment to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution provide that in all criminal prosecutions a person has the right to a trial before an impartial jury. We have taken these constitutional guarantees seriously, holding that since due process is involved in the right to trial by an impartial jury, the law is sensitive to any infringement or impairment. *State* v. *Ovitt,* 126 Vt. 320, 324, 229 A.2d 237, 240 (1967).

■  Any pronouncement relative to the right to trial by jury as made by this judge may have a chilling effect on that constitutionally protected right. Such effect is an impairment of that right. Such impairment results in conduct of a manner that fails to promote public confidence in the integrity and impartiality of the judiciary in contravention of Canon 2A.

We find the defendant guilty of the charge, and a disciplinary order is required.

*Under the authority of 4 V.S.A. § 3 and 12 V.S.A. App. I, Part IV, Rule 11, the Court finds a violation of Canon 2A of the*

*Code of Judicial Conduct, 12 V.S.A. App. VIII, A.O. 10, on the part of the appellant, Theodore S. Mandeville, Jr., and orders that the appellant be publicly reprimanded.*