2004 VT 36

### State of Vermont v. James Ingerson

[852 A.2d 567]

No. 03-114

Present: **Amestoy, C.J., Dooley, Johnson, Skoglund and Reiber, JJ.**

Opinion Filed April 9, 2004

*Dan M. Davis*, Windham County State's Attorney, and *Scott A. Willison*, Law Clerk (On the Brief), Brattleboro, for Plaintiff-Appellee.

*Allison N. Fulcher* of *Martin & Associates*, Barre, for Defendant-Appellant.

¶ 1. **Reiber, J.** Defendant was convicted of burglarizing Walker's Restaurant in Brattleboro, Vermont and received an enhanced sentence of twenty to thirty years of imprisonment as a habitual offender under 13 V.S.A. § 11. Defendant appeals both the conviction and sentence, claiming that (1) he was prejudiced by the court's failure to arraign him on the amended information charging him as a habitual offender; (2) the evidence was not sufficient to prove beyond a reasonable doubt that he broke into Walker's Restaurant with the intent to steal; and (3) the sentence was unfair and unjust because it was driven by the judge's animus towards defendant. We affirm.

¶ 2. In early March 2002, defendant entered Walker's Restaurant in Brattleboro by breaking a window near the building's back door. Defendant had worked at the restaurant as a prep cook and later did some painting and sheetrocking for its owners. While inside the restaurant, defendant tried to break into a safe, but managed only to

badly damage its handle. Defendant left the restaurant after taking some loose change the owner kept in a desk drawer. The following month, the State charged defendant with burglary and unlawful mischief in violation of 13 V.S.A. § 1201 and § 3701(c) respectively. He was arraigned on the charges in early May. On May 31, 2002, the State notified the court and defendant that it intended to seek an enhanced penalty under 13 V.S.A. § 11 because defendant had four prior felony convictions. The State filed an amended information to that effect the same day. A one-day trial was held in October 2002, and the jury found defendant guilty of burglary and unlawful mischief. After the court sentenced defendant to a term of twenty to thirty years, he filed the present appeal.

¶ 3. Defendant first claims error in the trial court's failure to arraign him on the habitual offender charge. Vermont's habitual offender statute, 13 V.S.A. § 11, provides an enhanced penalty for a defendant's fourth or subsequent felony conviction. 13 V.S.A. § 11. The statute does not, however, define a separate or new offense. *State v. Kasper*, 137 Vt. 184, 213, 404 A.2d 85, 101 (1979). Rather, the statute provides an enhanced penalty for repeat offenders. *Id.*; see *Parke v. Raley*, 506 U.S. 20, 27 (1992) ("[A] charge under a recidivism statute does not state a separate offense, but goes to punishment only."). As defendant acknowledges, we must review this first claim for plain error only because defendant did not preserve the argument for appeal. *State v. Mears*, 170 Vt. 336, 341, 749 A.2d 600, 604 (2000); see V.R.Cr.P. 52(b) (Supreme Court may notice plain errors affecting a defendant's substantial rights even if errors were not brought to trial court's attention first). Plain errors are those that affect the heart of a defendant's constitutional rights and leave little doubt that a miscarriage of justice has occurred. See *Mears*, 170 Vt. at 341, 749 A.2d at 604.

¶ 4. "One of the most fundamental principles of our criminal justice system is that a person charged with a crime must be notified of the charges against him." *State v. Cadorette*, 2003 VT 13, ¶ 4, 175 Vt. 268, 826 A.2d 101. To that end, V.R.Cr.P. 10 requires the court to read the indictment or information to an accused in open court, and to obtain from the accused a plea on the charges against him. V.R.Cr.P. 10; *Cadorette*, 2003 VT 13, at ¶ 4. As we explained in *Cadorette*, "the central purpose of arraignment is to ensure that defendant understands the nature of the charges so that he can prepare a defense." *Cadorette*, 2003 VT 13, at ¶ 5. Failure to arraign does not amount to a structural error in the criminal proceeding and is not grounds for

reversal absent a showing that the defendant suffered prejudice from the omission. *Id.* at ¶ 6. Defendant must show, therefore, that he did not have actual notice of the charges against him or an adequate opportunity to defend himself to justify reversal of the underlying conviction. *Id.*

¶ 5. Defendant has not shown the requisite prejudice necessary to overturn his conviction. Defendant does not dispute that he received a copy of the amended information in which the State noticed its intent to seek the enhanced penalty permitted by 13 V.S.A. § 11. The record shows that the court discussed the amended information with defense counsel in defendant's presence during a status conference the court held on July 9, 2002. At that time, the court asked defendant's attorney whether she had received a copy of the amended information, to which defense counsel replied, "We have, your Honor, and I've discussed it with my client." The court commented that defendant faced a potential term of life imprisonment. The matter came up again just prior to trial. Before the jury was seated, defendant's attorney asked the court to confirm that it would not mention the habitual offender charge to the jury until after the jury finished deliberating on the burglary and unlawful mischief charges. The court confirmed the procedure, and the parties proceeded to try the case. Following the verdict, defendant waived his right to have the jury decide whether the State had proved his prior convictions beyond a reasonable doubt as 13 V.S.A. § 11 requires.

¶ 6. On this record, we do not see any prejudice affecting defendant's substantial rights. The record shows that defendant was actually aware of the charge and had an opportunity to prepare a defense. Importantly, defendant does not allege here that he did not understand the nature of the charge under 13 V.S.A. § 11. Moreover, he waived his right to a jury decision on the existence of his prior convictions. Plain error does not arise from a failure to arraign on a charge under 13 V.S.A. § 11 where the defendant had actual notice of the charge, had an opportunity to defend against it, and waived his right to a jury determination on the existence of the prior convictions required for an enhanced sentence under 13 V.S.A. § 11. Because defendant did not suffer any prejudice from the lack of an arraignment on the habitual offender allegation, the conviction must be affirmed.

¶ 7. Defendant next claims the court erred by denying his motion for judgment of acquittal because the evidence was insufficient to convict

him of burglary. We will affirm the trial court's decision if the evidence, when viewed in the light most favorable to the State, reasonably and fairly supports the defendant's guilt beyond a reasonable doubt. *State v. Driscoll*, 137 Vt. 89, 100, 400 A.2d 971, 978 (1979). Here, defendant argues that the State failed to prove beyond a reasonable doubt that he entered Walker's Restaurant with the intent to steal, a necessary element for his burglary conviction. See 13 V.S.A. § 1201(a) (a person commits a burglary if she enters a building without authorization with the intent to commit a felony). We disagree.

¶ 8. The jury heard evidence that defendant told the police that he went to Walker's Restaurant to get some money because he was in debt. The jury saw a videotape of defendant breaking a rear window to gain entry into the restaurant. The State also presented evidence depicting the damage defendant did to the safe, nearly breaking off the safe's handle. The jury could infer that defendant decided to enter the restaurant by breaking a window in the back of the building because he wanted to conceal his presence there, and that his desire for secrecy derived from his intent to steal something from the restaurant that night. Those inferences have additional support in the evidence of defendant's unsuccessful attempt to break open the safe. We have no difficulty concluding, therefore, that the court correctly denied defendant's motion for judgment of acquittal. The State introduced sufficient evidence to convince a reasonable juror beyond a reasonable doubt that defendant entered Walker's Restaurant intending to steal.

¶ 9. Finally, defendant challenges his sentence as unjust and unfair. Defendant argues that when deciding the appropriate sentence in this case, the court was motivated by bias against him and not by legitimate sentencing considerations. In support of his position, defendant points to comments the judge made after taking evidence during the sentencing hearing. The comments defendant finds objectionable are underscored in the following excerpt from that hearing:

> Okay. Well, <u>I have to say that your attorney has a way of being able to make people look pretty good, and I have a feeling she'd be able to make Charles Manson look pretty good if she had the chance.</u> But with regard to the request that you be given probation at this point, all I can say, is been there done that Mr. Ingerson. You've been in here in court since you were eighteen years old, you're someone who's been in and out of jail for over thirteen years . . . . I counted, you have twenty-two criminal convictions, plus the three criminal fail-

ures to appear, that's twenty-five criminal convictions. Three violations of probation, three DRs while you're in jail, which include possessing contraband, refusing to obey people in jail and at least seven violations of your furlough. The issue about your use of alcohol and drugs, frankly, is insulting to me. This argument that ... there's some entitlement involved that everyone here is entitled to have the State provide them treatment, and what do you think Corrections is supposed to do when you don't complete your treatment or you continue using? ... I'm sure there have been times when you've been a worker, I'm sure there have been times that you've been a good father to your children, and I don't appreciate, really, as a parent myself, having thrown before me the fact that you shouldn't go to jail because your poor kids are going to miss you. I'm sure your kids are going to miss you, but frankly, Mr. Ingerson, I think at this point they'd be better off without a role model such as you having influence on them. You have no ability to conform yourself to any norms or rules of this society. That goes back to the violations of probation, the furlough violations, the DR violations, the failures to appear, ... you can't even conform yourself to the norms of a jail, possessing contraband, refusing to obey, you know, I'm left to wonder where it is that you can be that you can act as a responsible person.

(Emphasis added.) The court then explained that the sentence it planned to impose would serve society's interests in incapacitating defendant from reoffending and in deterring him, and others like him, from engaging in repeated criminal behavior. The court concluded:

I don't agree, as I said, with the idea of probation. This Court has wasted enough time on you. We've had you in here too long. The Department of Corrections has wasted too much time on you. These people do not need to worry about supervising you except in a jail cell.

(Emphasis added.)

¶ 10. The district court has broad discretion when imposing a sentence. *State v. Kelley*, 163 Vt. 325, 330, 664 A.2d 708, 711 (1995). We will affirm a sentence on appeal if it falls within statutory limits, *id.*, and it was not derived from the court's reliance on improper or

inaccurate information. *State v. Neale,* 145 Vt. 423, 436, 491 A.2d 1025, 1033 (1985). Reversal for resentencing is required if the defendant can show that the sentencing judge's decision was driven by personal bias or animus against the defendant. See *United States v. Droge,* 961 F.2d 1030, 1038 (2d Cir. 1992) (observing that resentencing is required if a judge imposes a sentence out of personal spite against the defendant); *United States v. Giraldo,* 822 F.2d 205, 210 (2d Cir. 1987) ("A sentence imposed for an improper purpose is subject to vacation on appeal."). Although a sentence that is based on improper information may be vacated on appeal, see, e.g., *Neale,* 145 Vt. at 436, 491 A.2d at 1033, it must be recognized that the district court may properly consider more than the facts of the particular crime at issue when sentencing a defendant. *In re Morrill,* 129 Vt. 460, 464-65, 282 A.2d 811, 814-15 (1971). The defendant's background, his family, past conduct, and his character and propensities are all appropriate considerations for the sentencing court. *Id.*; see also *State v. LaBounty,* 168 Vt. 129, 143, 716 A.2d 1, 10-11 (1998) (evidence shedding light on defendant's nature and propensities is permissible in sentencing hearing); *State v. Bushway,* 146 Vt. 405, 407, 505 A.2d 660, 661 (1985) (court may consider wide range of information when fashioning sentence, including offender's "propensity and nature"). In this case, we find no abuse of the trial court's discretion by imposing the lengthy sentence it did.

¶ 11. When put into context, the judge's comments defendant cites as evidence of animus actually appear to reflect the court's consideration of defendant's character and propensities. Indeed, the judge's comments responded directly to defendant's plea for leniency, a plea that ignored a troubled record of compliance with court-ordered treatment programs and sought a simplistic resolution more reflective of defendant's continued denial of his underlying disease than anything else. At sentencing, defendant argued that his substance abuse caused him to act criminally and that he was finally ready to straighten out his life. He told the court that his children would suffer if he was incarcerated for a long prison term and that he needed treatment for his substance abuse problem rather than another term of imprisonment. At the sentencing hearing, defendant asked for treatment and probation, but in doing so failed to account for the implication of his prior repeat violations of probation, the furlough violations, prison disciplinary violations, repeated instances of possession of contraband while in jail, and his prior failures to appear.

¶ 12. When considered in light of defendant's record, the court's statements reflect the rationale for rejecting defendant's pleas.

Defendant's criminal history goes back to 1988 and includes repeated, successive violations of probation and furlough conditions. Even when incarcerated, defendant demonstrated an inability to follow rules, resulting in disciplinary action against him while in prison. Defendant has admitted his substance abuse problem, but he has not maintained sobriety even after repeated efforts to treat him. It was appropriate for the court to consider those facts and defendant's long history of criminal behavior when fashioning the proper sentence. At most, the court's comments may be said to reveal the judge's frustration with the defendant's recalcitrant criminality and a distaste for defendant's conduct, but the comments do not reveal personal bias against defendant on the part of the judge.

¶ 13. Moreover, the court imposed a sentence that was within statutory limits and was grounded explicitly on legitimate goals of criminal justice, namely restraint and deterrence. See *Giraldo*, 822 F.2d at 210 ("The proper purposes of the sentencing of criminal offenders are generally thought to encompass punishment, prevention, restraint, rehabilitation, deterrence, education, and retribution."). The court explained that the sentence would incapacitate defendant from reoffending. The court also explained that it intended the sentence to serve as a deterrent to defendant and "the general criminal element out there that this is what's going to happen when you're convicted as a habitual offender." Although the sentencing judge's criticism of defendant's conduct was harsh, a stinging public admonition can serve "the important function of deterring like conduct," and can provide the "harsh awakening" that a criminal defendant needs rehabilitation. See *Droge*, 961 F.2d at 1039 (upholding sentence where district court harshly chastised defendant at sentencing). We thus find no abuse of the court's discretion in sentencing defendant to a term of twenty to thirty years in prison for being a habitual offender.

*Affirmed.*