*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-148

DECEMBER TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Matthew Trudeau | } | DOCKET NO. 382-7-10 Ancr |

Trial Judge: Nancy S. Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals the sentence he received following a conviction for driving while under the influence of intoxicating liquor (DUI). Defendant argues that the court abused its discretion in sentencing because its decision was based on uncharged conduct. We affirm.

Defendant was charged with DUI following an incident in which he swerved and hit a mailbox while driving. Defendant was initially cited with negligent operation. When police received the results of a blood alcohol analysis, they cited him with DUI. At trial, the two police officers on the scene described him as intoxicated and a chemist testified that his blood alcohol was above the legal limit. A jury found defendant guilty. At sentencing, without objection, the arresting officers described defendant's behavior when they went to his house to issue him the DUI citation. According to the officers, defendant used profanity and refused to sign the citation. Defendant kicked the citation, just missing one officer's hand. He then flicked a lit cigarette toward that officer.

The State requested a sentence of six to twelve months, all suspended except thirty days to serve. The State based its recommendation on the circumstances surrounding defendant's DUI—that it caused an accident and defendant attempted to leave the scene—and defendant's behavior when the officers served the new citation. Defendant argued for a fully suspended probationary sentence. The court imposed a sentence of six to twelve months, all suspended but fifteen days to serve and a fine of $350. The court noted that the "circumstances of the DUI offense are fairly straightforward" and that based on that defendant needed probation. The court then chided defendant for his behavior towards the officers, opining that it deserved "some kind of sanction." Because of defendant's employment, the court imposed the jail time to be served on weekends.

Defendant argues that the court abused its discretion in imposing jail time because it was based on behavior for which he was not convicted—namely, his behavior when the officers cited him for the DUI. On appeal, we afford the trial court broad discretion in sentencing. State v. Ingerson, 2004 VT 36, ¶ 10, 176 Vt. 428. If a sentence falls within the statutory limits it will be affirmed unless it was "derived from the court's reliance on improper or inaccurate information." Id. (citation omitted). The court may, however, "consider more than the facts of the particular crime at issue when sentencing a defendant." Id. "The defendant's background, his family, past conduct, and his character and propensities are all appropriate considerations for the sentencing court." Id.

We conclude the court did not abuse its discretion. The sentence was well within the statutory limit. 23 V.S.A. § 1210(b) (maximum sentence for first DUI is a fine of $750 and imprisonment up to two years). Further, there is no dispute that the information was factually reliable and that defendant had an opportunity to rebut the officers' account of his behavior. In imposing a sentence, the trial court may consider the defendant's behavior after arrest insofar as it informs the court about defendant's character, Ingerson, 2004 VT 36, ¶ 10, and aids in the determination of sentencing goals such as punishment, restraint, rehabilitation, deterrence, and education, see id. ¶ 13 (listing some sentencing goals). Thus, it was not error for the court to consider defendant's behavior when the officers cited him for DUI in its sentencing decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice