*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-044

NOVEMBER TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Franklin Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Misty L. Smith | } | DOCKET NO. 1378-11-10 Frcr |

Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Defendant appeals her sentence of three years to life for sexual assault and unlawful restraint. She contends the trial court abused its discretion in declining to impose a split sentence of three years to life, with three years to serve and the balance to be served on probation. We affirm.

Defendant was originally charged with a total of eight counts: three of aggravated sexual assault on a victim under the age of thirteen, two of lewd and lascivious conduct with a child, two of unlawful restraint, and one of simple assault. Based on a plea agreement, defendant pled guilty to two amended charges of sexual assault and the two charges of unlawful restraint. In return, the State agreed to drop the other four counts, the sentence was capped at three years to life, and defendant remained free to argue for any legal sentence within those parameters.

The court ordered a Pre-Sentence Investigation (PSI) Report and conducted a contested sentencing hearing in January 2012. The State argued for a straight sentence to serve of three years to life. Defendant urged the imposition of a sentence of three years to life, all suspended except for three years, and the balance to be served on probation. The court heard testimony from the Department of Corrections probation and parole officer who authored the PSI, as well as a clinical psychologist who had evaluated defendant. The officer testified that DOC recommended a straight sentence of three years to life without probation based on its evaluation of defendant as a high risk to re-offend and her need for a highly structured and intensive level of supervision upon her release to the community. The DOC officer testified that defendant would receive a higher level, and a more structured program, of supervision if she were released after three years on furlough or parole than she would on probation. The officer specifically testified that defendant "and [the] community will benefit more from a higher level of supervision [on furlough] than probation can offer," and that the supervision would be "more structured."

The clinical psychologist agreed that defendant was "highly susceptible" to re-offending and would require extensive structure and supervision, but expressed concern that defendant might not be released on furlough because her cognitive functioning prevented her from completing incarcerative programming. The DOC officer testified, however, that the Department planned to engage a specialist to design and provide a sex offender treatment

program especially for defendant that was "tailored to [her] needs" and to work with her "one-on-one."

At the conclusion of the hearing, the court found that defendant was a significant risk to re-offend, that "rehabilitation considerations" were paramount, and that defendant required "significant structure" and "very strict supervision" to avoid re-offending. For this reason, the court explained that it was imposing the sentence recommended by DOC, finding that a straight sentence and release on furlough or parole would "provide [defendant] with the structure, the supervision, and the services" that she required and would be superior to those "she would likely get under probation."

Defendant contends the court's choice was an abuse of discretion, asserting that probation was necessary to accomplish the court's rehabilitative goals and to provide defendant with the "lifetime" services that she requires. Our review is limited. "As we have repeatedly stressed, trial courts have broad discretion in sentencing matters," State v. Keiser, 174 Vt. 87, 101 (2002), and we will thus generally affirm a sentence if it falls within the statutory limits and was not based on improper or inaccurate information. State v. Ingerson, 2004 VT 36, ¶ 10, 176 Vt. 428. As shown by the record summarized above, the sentencing decision here was firmly based on testimony—and the court's considered judgment—that a straight sentence would provide the intensive supervision and structure that the public safety and defendant's rehabilitative needs required. Accordingly, we find no abuse of discretion, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice