# ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-096

MAY TERM, 2013

| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| Spencer Durham | } | |
| | } | DOCKET NO. 1058-10-12 Bncr |

In the above-entitled cause, the Clerk will enter:

On February 26, 2013, defendant was convicted by jury of two counts of identity theft, one count forgery, and one count receiving stolen property. That same day, on the record, the trial court dismissed an habitual offender penalty enhancement. See 13 V.S.A. § 11. The State appealed that dismissal before defendant was sentenced. Defendant moves to dismiss the appeal for lack of jurisdiction.

The State's right of appeal in criminal cases is limited. "The sole legal authority for criminal appeals by the prosecution to this Court under [Vermont] Rule [of Appellate Procedure] 4 is provided in 13 V.S.A. § 7403." State v. Saari, 152 Vt. 510, 513, 568 A.2d 344, 346 (1989). The State contends it is entitled to bring this appeal pursuant to 13 V.S.A. § 7403(b). Section 7403(b) permits the State to appeal a court's decision, judgment, or order "dismissing an indictment or information as to one or more counts." The habitual offender enhancement is not a separate offense nor is it charged as an independent count on defendant's information; rather, it provides defendant notice of a potential penalty enhancement. See 13 V.S.A. § 11; see also State v. Ingerson, 2004 VT 36, ¶ 3, 176 Vt. 428, 852 A.2d 567 (clarifying that Vermont's habitual offender statute provides an enhanced penalty for a defendant's fourth or subsequent felony conviction, not a "separate or new offense"). Without the court dismissing "an indictment" or "count" of the information, the State does not have an immediate statutory right of appeal. As such, we grant defendant's motion to dismiss for lack of jurisdiction.

As a result of this dismissal, defendant's requests for an extension of time to file his brief and his motion for remand are moot.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice