*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-233

FEBRUARY TERM, 2014

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| John R. Kunhardt | } DOCKET NO. 3927-9-12 Cncr |

Trial Judge: Michael S. Kupersmith

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction of simple assault, and the resulting sentence. On appeal, defendant argues that the court's sentence was excessive and an abuse of discretion, and that the court plainly erred in failing to instruct the jury on the offense of simple assault by mutual consent. We affirm.

In September 2012, defendant was charged with one count of simple assault. Defendant and the victim were both college students, and the charges stemmed from altercation between them at a house party. According to the victim and witnesses, as the victim left the party he encountered defendant and they had a verbal argument. Defendant approached the victim, who turned to communicate with his friends. When the victim turned back, defendant head-butted him, and tackled him to the ground. The victim sustained serious injuries to his face. At trial, defendant claimed self-defense. Defendant testified on his own behalf and claimed the victim came at him with his hands up, and defendant's actions were defensive. The court instructed the jury on self-defense. Defendant did not raise the issue of simple assault by mutual consent or otherwise object to the instructions. Following a one-day trial, the jury found defendant guilty.

The court held a sentencing hearing. The State argued for a sentence of four-to-eight months, all suspended except ten days of work crew. The State noted that defendant was approved for home confinement, but did not request it. Defendant expressed remorse and argued for a deferred sentence, which defense counsel stated had been offered prior to trial. The court sentenced defendant to six-to-twelve months all suspended except six months. Fifteen days of the six-month period were to be served in jail and the remainder on home confinement. Defendant appeals.

On appeal, defendant argues that the sentence amounted to an abuse of discretion because he has no prior record, he was offered deferred probation prior to trial, and neither the State nor defendant sought home confinement at sentencing. Defendant claims that the court was effectively punishing him for going to trial.

The trial court has broad discretion in crafting a sentence. State v. Keiser, 174 Vt. 87, 101 (2002). We will thus generally affirm a sentence if it falls within the statutory limits and was not based on improper or inaccurate information. State v. Ingerson, 2004 VT 36, ¶ 10, 176 Vt. 428.

There was no abuse of discretion in this case. The court imposed a sentence within the statutory limits. Further, the court based its decision upon legitimate sentencing goals. See id. ¶ 13 (explaining that sentence was within court's discretion where it was within statutory limits and grounded on legitimate goals of criminal justice). At sentencing, the court reasoned that the sentence was necessary given the extent of injury caused, the purposeful nature of the act and the need to deter other young people from similar acts. Id. (including as goals of criminal justice punishment, prevention, restraint, rehabilitation, deterrence, education and retribution).

There is no evidence to support defendant's contention that the court acted out of vindictiveness because defendant chose to go to trial. Even accepting defendant's representation that his sentence exceeded an offer made prior to trial, this is insufficient to demonstrate vindictiveness. See State v. Davis, 155 Vt. 417, 421 (1990) (explaining "that the mere disparity between plea-bargained and post-trial sentences does not mandate a presumption of vindictiveness"). Vindictiveness has been found where judges have commented "on the high cost of trials and on the defendant's insistence on exercising his or her right to a trial, or on the defendant's unquestionable guilt and the consequent lack of necessity for a trial." Id. (citation omitted). Here, the court did not make any such comments or indicate that the sentence was punishment for going to trial.

Generally, defendant raises considerations that may support a motion to reduce sentence in the trial court, rather than, as he attempted here, a challenge to the sentence as unlawful. See V.R.Cr.P. 35(b). He may still pursue such a remedy within 90 days of our judgment in this appeal. Id.

Next, defendant argues that the court committed plain error by failing to include simple assault by mutual consent as a lesser-included offense. Defendant claims that the undisputed evidence established that there was an argument between defendant and the victim and that some evidence demonstrated that the victim walked toward defendant and raised his hands before the physical altercation. Defendant claims that this evidence was sufficient to show that the victim intended to fight him, and a charge of simple assault by mutual consent was appropriate.

Defendant did not request an instruction on assault by mutual consent, but he argues that the court's omission of such an instruction was plain error, requiring reversal. Plain error is limited to occasions when there was error, the error was obvious, the error affected substantial rights and resulted in prejudice, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. State v. Cahill, 2013 VT 69, ¶ 15.

Here, there was no error, let alone plain error, in omitting an instruction on assault by mutual consent as a lesser-included offense. A defendant is entitled to a jury instruction on a lesser-included offense when the evidence reasonably supports the instruction. State v. Russell, 2011 VT 36, ¶ 16, 189 Vt. 632 (mem.). "An offense is considered lesser included when it is composed of some, but not all, elements of the greater offense and does not have any element not

2

included in the greater offense." State v. Myers, 2011 VT 43, ¶ 19, 190 Vt. 29 (quotation omitted).

Assault by mutual consent contains elements not included in the offense of simple assault, and therefore is not a lesser-included offense of simple assault. Assault by mutual consent requires proof that "the offense is committed in a fight or scuffle entered into by mutual consent." 13 V.S.A. § 1023(b). This additional element is not part of simple assault. Id. § 1023(a). Because assault by mutual consent contains an element not included in simple assault, it is not a lesser included offense and omitting an instruction was not error. See Myers, 2011 VT 43, ¶ 20 (holding there was no error in failing to instruct on simple assault where it was not a lesser-included offense of aggravated assault as charged).

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

3