*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 14-154

MARCH TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| John A. Haskins | } | DOCKET NOS. 845/864-8-13 & |
| | | 1090-9-13 Bncr |

Trial Judge: Nancy S. Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals his sentence following a guilty plea. He argues that the court abused its discretion in failing to consider a report from the Department of Veterans Affairs (VA) regarding the possibility of treatment for defendant through the VA. We affirm.

In August 2013, defendant physically attacked and threatened his girlfriend, and later contacted her in violation of protective orders and conditions of release. To resolve the resulting charges, in October 2013, defendant entered guilty pleas to domestic assault, unlawful mischief, and several counts of both violating conditions of release (VCR) and violating an abuse-prevention order (VAPO). As part of the plea agreement, the State dismissed an additional charge of aggravated domestic assault. A presentence investigation report (PSI) was prepared. The PSI stated that defendant was not eligible for release into the community because of a detainer placed on him by the Commonwealth of Massachusetts. Defendant did not file any objections to the PSI.

In April 2014, the court held a contested sentencing hearing. Defendant's ex-girlfriend testified concerning the facts of the assault, and defendant's behavior after his arrest. She described how defendant assaulted her, stating that, among other things, he choked her while she was holding her infant son, attempted to suffocate her, bit her hand, and threatened to rape her mother and kill her father. She described how defendant contacted her even after she had obtained a relief-from-abuse order. At the hearing, defendant requested that the court consider a report, which defendant proffered would show that defendant had been screened for a VA treatment program. The report was written over six months prior to the hearing and the author of the report was not available to testify that day. The State objected, arguing that without the ability to cross-examine the author, there was not enough information to ascertain whether the program was appropriate for defendant. The court denied defendant's request to admit the report. The court explained that the report was almost seven months old, and had not been

included in the PSI. Further, the court explained that there was no witness to explain the statements in the report or to be available for cross-examination.

The State argued for a sentence of fourteen and a half years based on the horrific facts of the crime and the need to protect to the victim and the public. The State emphasized that defendant had continually disobeyed protection orders and conditions of release. Defendant requested a sentence of two and a half years to six years to serve, all suspended but nine months. Defendant argued that this would allow him to be released, sent to Massachusetts, and then sent back to Vermont for the programming through the VA. The court sentenced defendant to an effective sentence of 94 to 102 months to serve. The court stated that probation was not appropriate for defendant because he had shown an inability to comply with court orders as demonstrated through his numerous VAPOs and VCRs. The court stated that its sentence was designed to meet the goals of punishment and protection of the victim and the public. Defendant appeals.

Defendant argues that the court abused its discretion in denying defendant's request to admit the report concerning the VA program. Defendant claims that this evidence was relevant to the sentencing goal of rehabilitation and it was unreasonable for the court to refuse to consider it. Evidentiary rulings are committed to the trial court's discretion and will be reversed only if that discretion is withheld or abused. State v. Gemler, 2004 VT 3, ¶ 11, 176 Vt. 257.

Rule of Criminal Procedure 32 sets out the procedure for admitting evidence at sentencing. Under the rule, defendant has the opportunity to "comment upon any and all information submitted to the court for sentencing." V.R.Cr.P. 32(c)(4)(A). A defendant who has an objection to facts in the PSI must make them three days prior to the sentencing hearing. Id. Either party may offer evidence, including hearsay, on a disputed fact "with full rights of cross-examination, confrontation, and representation." Id. The rule requires that [a]ny other information submitted to the court for consideration at sentencing shall be disclosed sufficiently prior to the imposition of sentence as to afford reasonable opportunity for the parties to decide what information, if any, the parties intend to controvert by the production of evidence." V.R.Cr.P. 32(c)(3). This requirement of advance notice is important to ensure the information's reliability. See State v. Koons, 2011 VT 22, ¶ 10, 189 Vt. 285 ("To ensure reliability, our rules establish a process of disclosure and opportunity to rebut." (quotation omitted)).

Here, defendant neither objected to the information in the PSI nor noticed his intent to offer additional evidence. At the hearing, for the first time, he offered a report to establish that there was programming available to him. The report was written almost seven months before the hearing, had not been incorporated into the PSI, had not been offered in advance of the hearing by defendant to rebut any information in the PSI, and was not supported by any live witness who could be available for cross-examination. The trial court noted that it presented "fertile ground for cross-examination with respect to what circumstances might be appropriate for purposes of sentencing." Under these circumstances, it was wholly within the court's discretion to exclude the report at the sentencing hearing.

Although we conclude that the trial court did not err in excluding the proffered report, we note our serious doubts as to whether any report would have altered the outcome of this sentencing. The sentencing judge described the domestic assault in this case as the second-most

2

severe case she had seen in twenty years on the bench, and suggested that an attempted murder charge would not have been inappropriate. After reviewing defendant's history, his conduct in connection with the charges for which he was convicted, as well as his conduct since that time, the trial court concluded that probation was not warranted. The court also stated that it had no confidence that probation and supervision on the street would be sufficient. Given that defendant had close to twenty violations of court orders, the Department of Corrections could not adequately supervise him. Moreover, the trial court concluded that given "the degree of violence expressed in this case, I'm not seeing a platform upon which rehabilitation can successfully address that." The court rejected the suggestion that defendant's conduct was attributable solely to drug or alcohol abuse, noting that defendant continued to have a warped perspective on his conduct and responsibility even after he had spent months in jail and was sober.

In addition, the court's sentence was within the statutory guidelines and based on proper and accurate information. The court's sentencing decision was derived from the evidence before it and based on the legitimate sentencing goals of punishment and crime prevention. See Ingerson, 2004 VT 36, ¶ 13, 176 Vt. 428 (listing some sentencing goals). Based on the viciousness of the crime and defendant's demonstrated inability to follow court orders, the court reasonably determined that probation was not appropriate for defendant.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice