*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-095

NOVEMBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Sara B. Ennis | } | DOCKET NO. 1117-10-13 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals her sentence following a guilty plea to simple assault. Defendant argues that the court abused its discretion by imposing a higher sentence after her initial sentence was invalidated in a post-conviction relief proceeding. We affirm.

In September 2003, defendant was charged with simple assault, 13 V.S.A. § 1023(a)(1), based on allegations that she punched another woman in the forehead. The charge carries a maximum penalty of one year imprisonment. Id. § 1023(b). In October 2013, defendant pled guilty to simple assault with an agreed sentence of zero-to-six months. The following year, she filed a petition for post-conviction relief (PCR), arguing that the plea colloquy was deficient under Vermont Rule of Criminal Procedure 11. The PCR court vacated the conviction, reinstated defendant's not-guilty plea, and returned the case to the criminal division.

The criminal division held a hearing in February 2015. The court initially postponed the hearing so that defendant could meet with her attorney regarding a plea offer that had been extended by the State. When the hearing resumed, the State represented that defendant had rejected its offer and that there was no agreement on a sentence. The State further explained that because defendant had a year of credit, any sentence imposed would already be past the minimum. Defendant then entered a guilty plea with an open, contested sentence. During the plea colloquy the court explained to defendant that the open plea meant that the court would decide the penalty and that the sentence could be up to the statutory maximum of one year.

The State argued for a sentence of eleven-to-twelve months based on its assertions that defendant was dangerous and a period of supervision was required to protect the public. It pointed to her prior convictions for assault and the fact that she was under supervision for a prior assault when she committed this assault. The State took the position that due to the time she had

already served on this charge, defendant had satisfied any minimum term the court would impose. It argued that a longer maximum sentence would allow for a longer period of supervision. Defendant argued for a sentence of four months to four months and a day.

The court sentenced defendant to six-to-twelve months. The court made it clear that it was assuming that its sentence would not significantly impact defendant's minimum release date, and invited defendant to seek reconsideration if this assumption proved to be incorrect. Noting her prior history of assaults, amounting to a pattern, the court explained that a longer period of supervision warranted.

Defendant appeals.

On appeal, this Court "review[s] the trial court's sentencing decision for an abuse of discretion." State v. Gibney, 2003 VT 26, ¶ 53, 175 Vt. 180. Sentencing is based on "the situation and nature of the offender as well as according to the crime charged," and sentences within statutory guidelines will be affirmed absent "exceptional circumstances." State v. Cyr, 141 Vt. 355, 358 (1982).

On appeal, defendant argues that the court abused its discretion by sentencing her to a longer maximum sentence than her initial sentence. She contends that the sentence was vindictive and designed to punish defendant for successful collateral attack on her conviction. Defendant concedes that the court did not explicitly express vindictiveness, but argues that the retaliation is implicit since the maximum sentence was double the maximum originally imposed.

Defendant fails to demonstrate an abuse of discretion. First, a different judge presided at the second sentencing than had at the first. Therefore, there is no presumption that the harsher sentence pursuant to defendant's plea agreement on remand reflects a retaliatory or vindictive motive. See State v. Percy, 156 Vt. 468, 482 (1990) (explaining that where different judges sentenced defendant following first and second trials there was no presumption of vindictiveness); see also North Carolina v. Pearce, 395 U.S. 711, 723 (1969) (holding that when a defendant receives a higher sentence after a new trial the reasons for the enhanced punishment "must affirmatively appear" in order to assure the absence of "retaliatory motivation on the part of the sentencing judge"); Texas v. McCullough, 475 U.S. 134, 140 (explaining that rebuttable presumption of vindictiveness recognized in Pearce does not apply where "different sentencers assessed the varying sentences" so that harsher sentence imposed by a judge than the sentence imposed by a jury at a previous trial does not trigger a presumption of vindictiveness).

Second, the record does not support defendant's contention that the judge was motivated by vindictiveness. When the Pearce presumption does not apply, the defendant must affirmatively prove actual vindictiveness. Percy, 156 Vt. at 482. The second time around the court sentenced defendant pursuant to an open plea, rather than a plea agreement with the State that reflected an agreed-upon maximum sentence of six months. The court cited legitimate reasons for the sentence it imposed, including defendant's past conduct and the need to provide supervision. See State v. Ingerson, 2004 VT 36, ¶ 10, 176 Vt. 428 (setting forth matters that can be considered at sentencing including facts of crime as well as defendant's past conduct). There

is no evidence in this record that the court's sentence following defendant's open guilty plea reflected unlawful vindictiveness.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice