*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-367

JUNE TERM, 2016

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Michael S. Thomas | } DOCKET NO. 1029-9-13 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals the sentence imposed by the superior court following his conditional plea of guilty to a charge of lewd-and-lascivious conduct with a child. We affirm.

In September 2013, defendant was charged with one count of lewd-and-lascivious conduct with a child and one count of aggravated sexual assault based on alleged sexual conduct towards his stepdaughter. In November 2013, the State filed an amended information involving an additional victim and adding three counts of lewd-and-lascivious conduct with a child, two counts of lewd-and-lascivious conduct, one count of sexual exploitation, and one count of aggravated stalking. The case was set for a jury trial in April 2015. On the day of the jury draw, pursuant to a plea agreement, defendant pled guilty to one charge of lewd-and-lascivious conduct with a child, and the other charges were dropped. There was no agreement as to the sentence, other than that the State would be allowed to present testimony from both victims indicated in the information, as well as an alleged third victim, and that the sentencing court could "consider all of the allegations, including uncharged allegations made by [the third victim], in determining an appropriate sentence."

At the sentencing hearing, defendant's stepdaughter testified that defendant first began sexually abusing her when she was in the third grade. She testified about incidents in which he touched her in the shower when she was naked, placed his fingers inside of her, had her perform oral sex on him while she was blindfolded, had her put baby powder on his penis, and had her rub his penis on a daily basis. In her victim impact statement, the stepdaughter stated that she wanted to see defendant imprisoned for a lengthy period of time so that he would not be released and have an opportunity to repeat the same behavior. An older stepdaughter of defendant testified that defendant sexually abused her on a couple of occasions when she was eleven or twelve. Defendant's biological daughter also testified that on one occasion when she was fifteen years old, defendant entered the bathroom and attempted to touch the outside of her vagina. Both of the latter witnesses filed impact statements expressing their guilt about not preventing abuse of the younger stepdaughter and their desire to have defendant receive treatment. The individual who prepared the pre-sentence investigation (PSI) report testified that programming for incarcerated sex offenders requires at least twelve months, possibly longer depending on

participation, and that the community-based program following release takes two years, with an additional year of aftercare.

The State argued for a sentence of twelve-to-fifteen years to serve, while defendant argued for a two-to-ten-year sentence with all but two years suspended and conditions of probation imposed. Defendant then gave a brief allocution in which he expressed regret for his actions. Following a recess in which it considered the testimony and the PSI report, the court imposed a nine-to-fifteen-year sentence.

On appeal, defendant argues that the superior court abused its discretion by imposing a sentence that focused on punishment rather than rehabilitation. Defendant contends that the sentence was clearly unreasonable because he has no prior criminal history, he expressed remorse and took responsibility for his actions, he poses no threat to society in general, and he can get the treatment he needs in a community-based program. We find no basis to disturb the court's sentence, which was within statutory limits and based upon legitimate goals of sentencing. State v. Ingerson, 176 Vt. 428, 433-34 (2004) (stating that "court has broad discretion when imposing a sentence," and that sentence will be affirmed on appeal "if it falls within statutory limits . . . and it was not derived from the court's reliance on improper or inaccurate information" (citation omitted)). The sentencing court stated that, in considering the goals of punishment, rehabilitation, and deterrence, this case warranted significant punishment because of the grievous harm that defendant's acts had caused to a number of people. The court carefully explained both its maximum and minimum sentences, stating that a minimum of nine years would require defendant to spend a substantial amount of time in prison but would also provide enough time for defendant to complete outside programming with the knowledge that if he was not successful he could be reincarcerated. In short, after considering the particular facts of this case and the legitimate goals of criminal justice, the court imposed a sentence within the statutory limits. Thus, there is no basis to disturb the sentence.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

2