*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-387

JUNE TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Anthony Davey | } | DOCKET NO. 405-4-09 Bncr |
| | | |
| | | Trial Judge: David A. Howard |

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the revocation of his youthful offender status with respect to two sexual assault convictions and the court's imposition of sentence on those offenses. He argues that the court abused its discretion in reaching its conclusions, essentially challenging the court's assessment of the weight of the evidence. We affirm.

In 2009, defendant was charged with two counts of sexual assault and two counts of aggravated sexual assault. Defendant was fourteen years old at the time, and his case was transferred to juvenile court. Defendant pled guilty to the charges and was placed on youthful offender probation. In August of 2013, the court heard the State's motion to revoke defendant's youthful offender status and denied same. In November 2013, defendant was charged with his fifth violation of probation, and the State moved to revoke his youthful offender status. Following a hearing, the court determined that defendant violated probation by engaging in criminal or delinquent behavior, and by using a cellular phone with internet capabilities. The court revoked defendant's youthful offender status with respect to the two sexual assault convictions.

The court found that, initially, defendant made good progress while on probation, transitioning through various programs. In 2013, however, defendant failed to complete a recommended residential program in Burlington, he violated curfew, and he had contact with people in violation of the rules. Defendant also lied to his employer to secure an advance in pay, and failed to reimburse his employer. Additionally, he had prohibited contact with a young child. At the time of the court's decision, defendant was living in Bennington and participating in counseling. Defendant was supposed to be living with his grandmother, a residence that his probation officer had approved. After his GPS monitoring device was removed in September 2013, however, defendant began staying with his girlfriend. He did not inform his probation officer of this behavior. Defendant's girlfriend shares custody of a minor child; her lease prohibits sex offenders; she lives next door to a family with young children; and her apartment is adjacent to a playground.

Defendant used his girlfriend's phone to make calls despite the probation condition cited above. The girlfriend testified that she would make the call and allow defendant to talk on speaker-phone. Defendant knew he was not allowed to use a phone with internet access, and he believed this method avoided a rule violation. The trial court concluded otherwise, finding that his conduct violated the plain terms of his probation. The court also found that in September 2013, defendant knowingly left the scene of a car accident and lied to police because he did not want to be identified as the operator.

After finding two violations of probation, the court considered whether to revoke defendant's youthful offender status. In doing so, it evaluated whether maintaining defendant's youthful offender status would adequately protect the safety of the community; whether defendant remained amenable to treatment or rehabilitation; and whether there were services to meet such needs as a youthful offender. See 33 V.S.A. § 5284(b)(1)-(2). The court also considered defendant's underlying criminal offenses and the nature of the violations found.

The court concluded that defendant's record of violations and other conduct showed poor judgment and effort and that his behavior created public-protection risks. Overall, the court found that defendant engaged in a pattern of trying, by various deceptive means, to get away with doing things that he knew he should not be doing or that might not be approved if he asked permission first. Having defendant stay next to a family with young children, for example, would have been of great concern to defendant's probation officer. The car accident, moreover, showed a lack of concern for the safety of others and an attempt to avoid responsibility for his actions. The court found that defendant's underlying criminal offenses—multiple counts of sexual assault and aggravated sexual assault—were extremely serious and, though defendant himself was only fourteen, his victims were young children. Balancing these factors, the court found it appropriate to revoke defendant's youthful offender status for the two sexual assault offenses. This allowed the criminal division to sentence defendant, which the court found appropriate considering defendant's history of violations, their nature, and his individual characteristics. The court continued defendant's youthful offender status on the remaining two counts of aggravated sexual assault.

The case was transferred to the criminal division, and a sentencing hearing was held. The State sought a sentence of ten-years-to-serve; defendant requested a sentence of three-to-ten years, suspended with probation, with at least a split of three years if the court deemed it necessary. The court made findings on the record, many of which were similar to those set forth above. It recounted defendant's history on probation, and noted that he had left a residential program because he wanted to be in Bennington rather than Burlington. This reflected a pattern with defendant, where he sought to do what he wanted, despite the rules. The court was also mindful of the nature of the underlying criminal offenses and the significant effect that defendant's conduct had on his victims. The court again acknowledged that defendant was young when the offenses occurred, but it found that he continued to violate probation at an age when he should start to understand his responsibilities and the consequences of failing to follow the rules. The court was not convinced that defendant understood his responsibilities and how the system wanted him to progress. Based on these and numerous additional findings, the court imposed two concurrent sentences of seven years to life. This appeal followed.

Defendant first argues that the court abused its discretion in revoking his youthful offender status. According to defendant, the evidence shows that he remains amenable to treatment or rehabilitation. He argues that he has continually made progress and received generally favorable evaluations, and that there are services available to keep him on as a youthful offender. Defendant maintains that his most recent probation violations are de minimus and did not involve reoffending.

The State argues that defendant failed to timely appeal from the court's decision revoking his youthful offender status. We do not decide this issue. We assume arguendo that defendant could appeal this decision following sentencing, and we reject defendant's claims on the merits. Defendant's arguments go to the assessment of the weight of the evidence, a matter reserved exclusively for the trial court. See State v. Parker, 139 Vt. 179, 182 (1980) (explaining that trial court is solely responsible for weighing evidence, assessing credibility of witnesses, and determining persuasive effect of testimony). The court did not characterize defendant's recent actions as "de minimus." To the contrary, it found that defendant had engaged in a pattern of deceptions and that his actions placed the community at risk. His actions showed he was no longer amenable to treatment or rehabilitation as a youthful offender. The fact that defendant had not reoffended sexually is not dispositive. The court's decision is supported by its findings, and while defendant disagrees with the court's conclusion, he fails to show any abuse of discretion. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571, 980 A.2d 799 (explaining that arguments which amount to nothing more than disagreement with court's reasoning and conclusion do not make out case for abuse of discretion).

Defendant next asserts that the court abused its discretion in imposing its sentence. He reiterates that he made progress while on probation, that he was young when he committed the underlying crimes, and that he has not reoffended sexually. Defendant maintains that a shorter sentence was appropriate because, according to the PSI's author, he would need only a fourteen-month minimum sentence to complete the necessary programming for an offender of his level.

Again, these arguments go to the trial court's assessment of the weight of the evidence. The trial court has "broad discretion" in imposing a sentence, and it did not abuse its discretion here. State v. Ingerson, 2004 VT 36, ¶ 10, 176 Vt. 428 (stating that Supreme Court will affirm sentence on appeal if it falls within statutory limits, and was not derived from court's reliance on improper or inaccurate information). The court explained in detail how it arrived at its sentence. It recognized all of the factors advanced by defendant on appeal. It acknowledged that defendant had "some success" in programs while on probation, despite some rule violations. However, the rule violations became more serious over time. The court also noted defendant's youth at the time of the crimes, but cited his continued failure to conform his behavior to the rules over time. The court weighed the fact that defendant had not reoffended sexually. The court gave great weight, moreover, to the nature of the underlying offenses themselves, and concluded that punishment and deterrence were important factors here. As the court explained, it imposed a seven-year to-serve sentence to allow defendant to continue his rehabilitative efforts, while still protecting the public. It determined that defendant needed to be in a situation where he had little choice about finishing a program and obeying the rules. A sentence to serve, although with a shorter minimum than that advocated by the State, would create that situation. The court rejected defendant's proposed sentence as unfair, finding that it would lessen the impact of the original offense, the impact on the victims, and it would not provide the appropriate approach to

3

rehabilitation. Although defendant disagrees with the court's conclusion, he fails to show any abuse of discretion.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice