2010 VT 47

**STATE of Vermont v. Burt J. ALLEN**

[1 A.3d 1003]

No. 09-079

¶ 1. May 12, 2010. Defendant appeals his sentence of eight-to-fifteen years following his guilty plea to a charge of lewd and lascivious conduct with a child under sixteen in violation of 13 V.S.A. § 2602. On appeal, defendant argues that the sentencing court impermissibly relied on an unproven and unsupported fact and abused its discretion by ignoring available information regarding treatment and rehabilitation. We affirm.

¶ 2. Defendant was originally charged with aggravated sexual assault under 13 V.S.A. § 3253(a)(8) for allegedly penetrating his minor step-granddaughter with his finger. Defendant entered a plea agreement to a reduced charge of lewd and lascivious conduct, and the amended charge stated that defendant's hand had contact with the victim's vulva. Under the terms of the plea agreement, the State was entitled to argue for a sentence of no more than ten-to-fifteen years to serve, while defendant could argue for any sentence as long as he was to serve no less than one year.

¶ 3. Prior to sentencing, a presentence investigation report (PSI) was completed. The PSI contained statements referring to defendant's digital penetration of the victim. Specifically, the PSI included both the victim's original statement to police that defendant had put his finger a "little bit inside" and defendant's admission during police questioning that he touched and digitally penetrated the victim. In addition, the PSI reported that defendant minimized the seriousness of the event and its impact on the victim. The probation officer recommended a sentence of eight-to-fifteen years; all suspended except eight years. Defendant filed a response to the PSI, but made no objection to the mention of penetration in the report.

¶ 4. At the sentencing hearing, the State argued for a sentence of ten-to-fifteen years to serve based on the nature of the crime, defendant's failure to take responsibility, and defendant's failure to acknowledge that his actions harmed the victim. The court questioned the State about the references to digital penetration in the PSI. The State explained that the victim had made this allegation and defendant had admitted to penetration, but that the State decided to accept a plea from defendant for a lesser charge due to the uncertainty in proving penetration at trial based on the victim's testimony and defendant's challenge to the admissibility of his statements.

¶ 5. The court sentenced defendant to eight-to-fifteen years. In explanation, the court reiterated that the offense was a serious and deliberate one and that defendant minimized what he had done and the harm he caused. Defendant then objected to the court's consideration of the alleged penetration, arguing that the State had admitted it could not prove this fact. Furthermore, defendant argued that the court should not consider penetration because it pertained to a charge to which he did not plead. The court concluded that the information was properly before it, and defendant appealed.

¶ 6. Defendant first argues that the court erred as a matter of law by sentencing him based upon digital penetration when this was a disputed issue, no evidence was presented concerning penetration at sentencing, and the State admitted that it could not prove this fact. He maintains that the court's consideration of this allegation violated his due process rights.

¶ 7. At sentencing, the court has discretion to consider a broad range of relevant information including the particular facts of the offense, even if such facts are not

explicitly an element of the charge. See *State v. Thompson*, 150 Vt. 640, 645, 556 A.2d 95, 99 (1989) (holding that the court could consider defendant's use of force in sexual assault, even though it was not an element of the offense, "because it shed light on the nature of the assault and defendant's proclivities, and therefore assisted the judge in determining an appropriate sentence"). In addition, under Vermont Rule of Criminal Procedure 32, the sentencing court may consider information from a variety of sources including the PSI. When a party objects to any fact contained in the PSI the party is required to submit the objection in writing "at least three days prior to the sentencing hearing, unless good cause is shown for later objection." V.R.Cr.P. 32(c)(4). This requirement is important because it allows the State to respond to a claimed deficiency with alternate methods of proof. Reporter's Notes — 1989 Amendment, V.R.Cr.P. 32. "On appeal, defendant bears the burden to show that materially inaccurate information was relied upon by the sentencing court." *State v. Ramsay*, 146 Vt. 70, 79, 499 A.2d 15, 21 (1985).

¶ 8. Defendant argues that he was not required to object to the references to penetration in the PSI because the State admitted that it could not prove this fact. According to defendant, this was not an accommodation plea, but a decreased charge because the State admitted that it could not prove penetration. Defendant claims that this was apparent at the change-of-plea conference.

¶ 9. We conclude that the record does not support defendant's assertion that the State admitted it could not prove penetration. The change-of-plea hearing was relatively short and focused primarily on whether defendant's guilty plea was entered knowingly and voluntarily. The State recited the facts as alleged in the information. Defendant admitted to touching the victim. No party mentioned penetration.

¶ 10. As noted above, the PSI included recitations of the victim's statement that defendant penetrated her with his finger and defendant's admission concerning penetration. Defendant filed a lengthy response to the PSI, which focused on rebutting the contention that defendant minimized his conduct and the impact it had on the victim. It also highlighted mitigating factors, such as defendant's age, health and remorse. It encouraged the court to consider rehabilitation of defendant. Defendant did not mention penetration. The State did not respond to the PSI or defendant's filing.

¶ 11. At the sentencing hearing, the court questioned defense counsel as to whether there would be any disputed factual matters. Defense counsel initially stated that he was unsure because he did not know how the State was proceeding. When defense counsel learned that the State sought to present the testimony of a witness who alleged that defendant had committed similar conduct against her thirty-two years ago, defendant objected to admission of this evidence. The court excluded this testimony. The court again questioned defendant as to whether there were any disputed factual allegations in the PSI, and defendant did not raise any objections.

¶ 12. Following the State's presentation of its position, which did not mention penetration, the court asked about the statements in the PSI referencing penetration. The State responded: "The contention was that, well, first of all, [the victim] wouldn't be able to testify whether he went inside or not. The contention was, on the part of the defense, that he was somehow bullied into making that statement after repeatedly being asked by the police officer." The State noted that moving forward with this charge would have involved motions to suppress and dismiss, and instead the State "decided that we would forego those and not have the child have to come in and

testify." Defense counsel spoke right after this interchange and did not respond to the discussion of penetration. Following the court's sentence, defendant objected for the first time, asserting that the court erred in considering penetration because it was a fact "beyond both the offense conviction and what the State candidly informed the Court the State could prove."

¶ 13. The purpose of Rule 32 is for the defendant to raise objections within enough time for the State to respond. The trial court was very careful to several times question defendant as to whether he had any objections to the facts in the PSI. Whatever informal information defense counsel had about the State's view of whether it successfully could prove penetration, this is not a valid basis to relieve defendant of his responsibility to file objections to facts in the PSI that he challenges. It would be impossible for the sentencing court or this Court on appeal to know about the substance of such an agreement. That is precisely why Rule 32 requires defendant to document his objections for the record. V.R.Cr.P. 32(c)(4) (requiring defendant to raise objection to facts contained in the PSI before sentencing). In this case, we conclude that defendant waived any objection to the court's consideration of the statements in the PSI regarding penetration. Defendant chose not to challenge the reliability of the penetration evidence before the trial court and therefore has waived any objection on appeal. See *Ramsay*, 146 Vt. at 82, 499 A.2d at 23 (holding that the defendant waived his opportunity to correct claimed defects in the PSI where the defendant declined court's offer to hold an evidentiary hearing on the disputed evidence).

¶ 14. Next, defendant argues that the court abused its discretion in sentencing him by ignoring available information regarding treatment and rehabilitation. Defendant contends that in imposing a sentence the trial court is obligated to consider several factors, including rehabilitation and deterrence, and in this case the trial court considered retribution only. We conclude that the court adequately considered all of the relevant factors in this case. The trial court has broad discretion at sentencing, and we will "affirm a sentence on appeal if it falls within statutory limits and it was not derived from the court's reliance on improper or inaccurate information." *State v. Ingerson*, 2004 VT 36, ¶ 10, 176 Vt. 428, 852 A.2d 567 (citation omitted). While the court should ground its decision on "legitimate goals of criminal justice," *id.* ¶ 13, including such purposes as punishment, prevention, rehabilitation, and deterrence, the court is not obligated to explicitly address each factor. In this case, after hearing the evidence, the court explained that it considered "general deterrents, specific deterrents, rehabilitation and punishment." The court summarized that the overriding considerations in this case were the nature and seriousness of the offense, as well as defendant's refusal to accept how his actions harmed the victim. We note that although defendant argues that his sentence was unusually harsh, it was less than the ten-to-fifteen years that defendant agreed the State could seek. The court's decision was based on legitimate considerations and not an abuse of discretion.

¶ 15. Finally, we address the State's motion to strike portions of defendant's printed case that refer to data compiled by the Vermont Center for Justice Research, which were not part of the record below. Because we do not rely on these data, we dismiss the motion as moot. See *Chase v. Bowen*, 2008 VT 12, ¶ 13 n.2, 183 Vt. 187, 945 A.2d 901 (dismissing a motion to strike where this Court did not consider any of the challenged materials).

*Affirmed.*

Motion for reargument denied June 16, 2010.