NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 51

No. 2018-103

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Orleans Unit, |
| | Criminal Division |
| | |
| Jeffrey M. Ray | May Term, 2019 |

Robert R. Bent, J.

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Dawn Seibert, Appellate Defender, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.     **EATON, J.** Defendant Jeffrey Ray appeals his sentence of twenty years to life for second-degree murder, which was imposed after a contested sentencing hearing following a plea agreement reducing the charge from first-degree murder. On appeal, he argues that the sentencing court erred in finding the victim, Richard Vreeland, to be "particularly vulnerable" based solely on his being unarmed and within shooting range of defendant. The State contends that any error in sentencing did not rise to the level of plain error. We affirm.

¶ 2.     Evidence presented to the court at the three-day sentencing hearing established the following. Defendant was previously married for eighteen years to the victim's widow, Brenda Vreeland. She filed for divorce from defendant, and shortly thereafter, met the victim. The two began a relationship and were married. They spent part of their marriage in defendant's former

marital home, and the victim became stepfather to defendant's and the victim's wife's children. Defendant often claimed that the victim had taken his family and his land from him, and he held a grudge against the victim for many years.

¶ 3.    On May 25, 2015, defendant was living in a camper on his daughter's property in Brownington, a short distance from his former home where the victim and the victim's wife were then residing. Defendant had been drinking heavily the day before and continued to do so upon waking up that morning. He wrote a letter threatening to press charges against the victim over a dispute involving a quitclaim deed, and he drove to the victim's property to deliver it. Upon arriving, he put the letter in the victim's mailbox and, instead of backing out of the driveway, drove his truck in a loop around the victim's lawn before leaving to return to his daughter's house. The victim had been watching from inside the house and immediately got into his own truck to follow defendant, bringing with him a baseball bat. At the victim's wife's urging, defendant's son accompanied the victim.

¶ 4.    Defendant was still sitting in his truck in his daughter's driveway when the victim pulled up behind him. The victim immediately exited his vehicle and began walking toward defendant, holding only a lit cigarette in his hand—the baseball bat remained in his vehicle. At that point, defendant grabbed a handgun that was sitting in the passenger's seat of his truck and fired a single shot at the victim, hitting him from a distance of about twenty feet. The victim fell to the ground and died within minutes. At the time of the shooting, defendant was heavily intoxicated.

¶ 5.    Defendant pleaded guilty to second-degree murder. Under the terms of his plea agreement, the State was capped at arguing for a sentence of twenty-five years to life, with the defense free to argue for twenty years to life, all suspended except for ten years, with lifetime probation supervision. At the conclusion of the sentencing hearing, the court sentenced defendant to twenty years to life. In its explanation, the court cited 13 V.S.A. § 2303(c), which states that

the presumptive punishment for second-degree murder is twenty years to life, but that a court may impose a sentence above or below that length of time based on the jury's weighing of aggravating and mitigating factors.[1] The court specifically mentioned four aggravating factors that it considered in arriving at defendant's sentence: his use of a firearm when it was prohibited by virtue of a relief-from-abuse (RFA) order; his contact and abuse of the victim and his family, also in violation of the RFA; the high degree of hatred and premeditation associated with the crime; and the victim's "particular vulnerability." It also cited one mitigating factor, which it deemed "substantial": defendant's alcohol abuse. In addition, the court referenced the various common-law purposes of sentencing—punishment, rehabilitation, general and specific deterrence, and incapacitation—to justify its sentence.

¶ 6. Defendant contends that the trial court erred in holding that the victim was "particularly vulnerable," that this error prejudiced his sentence, and that the sentence must be vacated and the case remanded for a new sentencing. We generally review sentencing decisions for an abuse of discretion. State v. Lumumba, 2014 VT 85, ¶ 22, 197 Vt. 315, 104 A.3d 627. However, if the appellant fails to object to his or her sentence at the time of sentencing, as in this case, the Court will vacate that sentence only upon a finding of plain error. State v. Koons, 2011 VT 22, ¶ 11, 189 Vt. 285, 20 A.3d 662.[2] Plain error requires a showing that (1) there was error, (2) the error is obvious, (3) the error affects the substantial rights of and results in prejudice to the defendant, and (4) the error "seriously affects the fairness, integrity or public reputation of judicial

---

[1] The Court recognized that 13 V.S.A. § 2303(c)-(f) regarding aggravating and mitigating factors did not apply in this instance as the offense had taken place after the effective date of the 2006 amendment of the statute, which struck the aggravating and mitigating factors from consideration. 13 V.S.A. § 2303(g); 2005, No. 119 (Adj. Sess.), § 2 (amending 13 V.S.A. § 2303 and adding § 2303(g)).

[2] Abuse of discretion is a less deferential standard of review than plain error. Under the abuse-of-discretion standard, "we will defer to the court's judgment so long as the sentence is within the statutory limits and was not based on improper or inaccurate information." Lumumba, 2014 VT 85, ¶ 22 (quotation omitted).

proceedings." Id. (quotation omitted). "This is a very high bar—we find plain error only in rare and extraordinary circumstances." State v. Herrick, 2011 VT 94, ¶ 18, 190 Vt. 292, 30 A.3d 1285. Here, even assuming there was error, that error did not result in prejudice to the defendant. Thus, there was no plain error.[3]

¶ 7. Vermont courts have broad discretion in sentencing. State v. Ingerson, 2004 VT 36, ¶ 10, 176 Vt. 428, 852 A.2d 567. Nonetheless, under this State's statutes and common law, there are factors sentencing courts must consider in determining a sentence. For instance, under 13 V.S.A. § 7030(a), the sentencing court must take into account "the nature and circumstances of the crime, the history and character of the defendant, the need for treatment, and the risk to self, others, and the community at large presented by the defendant" in determining the sentence to impose.[4] Courts may also consider factors in addition to those explicitly listed in § 7030(a),

---

[3] The State seems to suggest that, even if the trial court did commit plain error, the plain error was harmless. We note that plain error cannot be harmless under the third prong of that test. Compare Koons, 2011 VT 22, ¶ 11 (noting that plain-error standard is only met if error "affect[s] substantial rights and result[s] in prejudice to the defendant" (quotation omitted)) with State v. Bacon, 169 Vt. 268, 273, 733 A.2d 50, 54 (1999) (explaining that under Vermont Rule of Criminal Procedure 52(a), harmless error is any error that "does not affect substantial rights of a defendant").

Considering an error to be "harmless" in a plain-error-review circumstance is different from a determination that an error is "harmless" when review of the issue has been properly preserved by an objection at trial. The State bears the burden of showing that any preserved error is harmless. See State v. Larkin, 2018 VT 16, ¶ 22, 206 Vt. 535, 183 A.3d 589 ("The State bears the burden of proving that an error . . . is harmless."). On the other hand, where there is no objection at trial, this Court reviews for plain error, and the defendant bears the burden of showing that the error was plain. See State v. Ladue, 2017 VT 20, ¶ 39, 204 Vt. 502, 168 A.3d 430 (noting defendant's failure to demonstrate plain error); State v. Mead, 2012 VT 36, ¶ 27, 192 Vt. 1, 54 A.3d 485 ("When an issue has been forfeited through a party's failure to raise it below [], we may consider it only under the rubric of plain error." (quotation omitted)).

Here, we note that harmless error is a term of art that should not be used when reviewing for plain error; if the party claiming plain error is unable to satisfy the third prong of plain-error analysis, then the error is "non-prejudicial," rather than "harmless." In this case, we apply plain-error review, and any error made by the court in improperly considering the victim's particular vulnerability as an aggravating factor is non-prejudicial.

[4] The sentencing court in this case did not explicitly reference § 7030(a), but rather cited the sentencing framework for second-degree murder under § 2303(c), as well as the aggravating and mitigating factors listed in § 2303(e)-(f), which were superseded by statute (§ 2303(g))

4

including but not limited to "[t]he defendant's background, . . . family, past conduct and . . . propensities." Sullivan, 2018 VT 112, ¶ 7; see also State v. Harrington, No. 2017-116, 2018 WL 374641, at *2 (Vt. Jan. 8, 2018) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo17-116.pdf [https://perma.cc/3F53-5YCS] (noting trial court's balancing of aggravating and mitigating factors, including victim's vulnerability, during sentencing). Finally, in crafting a sentence, courts should consider common-law factors such as the need for punishment, prevention, rehabilitation, incapacitation, and general and specific deterrence, although they are not required to address each factor explicitly. See Sullivan, 2018 VT 112, ¶ 8 ("The court must ground its [sentencing] decision on legitimate goals of criminal justice, including [] punishment, prevention, rehabilitation, and deterrence." (quotation omitted)); State v. Webster, 2017 VT 98, ¶ 46, 206 Vt. 178, 179 A.3d 149 (noting trial court's focus on common-law sentencing factors such as "general deterrence, retribution, incapacitation, and punishment"); State v. Allen, 2010 VT 47, ¶ 14, 188 Vt. 559, 1 A.3d 1003 (mem.) ("While the court should ground its decision on legitimate goals of criminal justice, including such purposes as punishment, prevention, rehabilitation, and deterrence, the court is not obligated to explicitly address each factor." (citation omitted)).

¶ 8.     Defendant does not claim on appeal that the sentencing court failed to consider any of the required statutory or common-law factors, and the record does not support such a claim. His only contention is that the court's consideration of particular vulnerability was plain error. This Court has never defined "particular vulnerability,"[5] and we decline to do so here. Rather, we

---

following this Court's ruling in State v. Provost, 2005 VT 134, 179 Vt. 337, 896 A.2d 55. 2005, No. 119 (Adj. Sess.), § 2. Though not bound by the § 2303 factors, the court stated that it found them "useful." Consideration of these factors is permissible so long as the court also considers the factors it is required to consider by statute and under Vermont common law. See State v. Sullivan, 2018 VT 112, ¶¶ 7-8, __ Vt. __, 200 A.3d 670 (explaining range of appropriate factors sentencing court may consider).

[5] Despite the lack of a clear definition, the instances in which this Court and the trial courts have found particular vulnerability to be an aggravating factor are illustrative. See State v. Baird,

assume without deciding that the victim was not particularly vulnerable and that the sentencing court therefore erred in labeling him as such. Applying the plain-error standard of review, we then conclude that, even had such an error occurred, as required under the first prong of that test, and even had it been obvious, as required under the second prong, any error did not affect defendant's substantial rights or result in prejudice to him, and thus he cannot satisfy the third prong of the test. See Koons, 2011 VT 22, ¶ 11 (listing four prongs of plain-error test).

¶ 9. As we have noted, where the issue was not objected to below, this Court reviews a trial court's improper consideration of an aggravating factor in sentencing under the plain-error standard. However, our consideration of whether such an error substantially affected defendant's rights in cases where we have applied the abuse-of-discretion standard and harmless-error doctrine aids our analysis here. This Court's discussions of error in State v. Gibney, 2003 VT 26, ¶ 53, 175 Vt. 180, 825 A.2d 32, and Bacon, 169 Vt. at 273, 733 A.2d at 54, are particularly useful.

¶ 10. We have previously held that when a reviewing court concludes that the trial court's erroneous consideration of an aggravating factor had no effect on the defendant's sentence—in other words, that there was an "independent basis" for imposing the sentence the court chose— then the error has not affected the substantial rights of the defendant and was therefore not prejudicial. See Gibney, 2003 VT 26, ¶ 53 (explaining that, although consideration of improper aggravating factor "does not always require resentencing," court's "significant error" based on incorrect interpretation of statutory factor prejudiced defendant and required reconsideration); Bacon, 169 Vt. at 273, 733 A.2d at 54 (concluding that any error in court's analysis was "harmless error" when "defendant did not have any rights adversely affected because the court's analysis of

---

2006 VT 86, ¶ 33, 180 Vt. 243, 908 A.2d 475 ("[The trial court] concluded that Mr. Baird was particularly vulnerable because he was asleep or resting when shot . . . ."); State v. White, 172 Vt. 493, 502-04, 782 A.2d 1187, 1194-95 (2001) (finding particular vulnerability where clerk was working alone at night and was unlikely to call police upon defendant's arrival because she knew defendant, who was former employee); State v. Kelley, 163 Vt. 325, 330-31, 664 A.2d 708, 711-12 (1995) (finding particular vulnerability where victim was shot in head while "sitting alone in a parked car with no opportunity to defend himself or escape").

6

the statutory aggravating and mitigating factors provided an independent basis for the [sentencing] decision").

¶ 11. In Gibney, the trial court found that there were "multiple victims" to a murder that actually had led to the death of only one person. 2003 VT 26, ¶ 50. The court reasoned that each of the family members of the deceased counted as a "victim," improperly using the definition of that term found in 13 V.S.A. § 5301(4), which concerns victim compensation and only applies to that chapter of the Vermont Code. Id. ¶ 51. This Court reversed, holding that the only "victims" courts should consider in determining whether this aggravating factor applies are those who were killed. Id. It further noted that, although the trial court did not specify the weight given to this aggravating factor, "it is reasonable to conclude that viewing the crime as having six victims, some of them children, had a significant impact on the court's decision to increase the minimum sentence by fifteen years." Id. ¶ 53. The Court therefore concluded this was "significant error" and remanded the case for resentencing. Id.

¶ 12. In Bacon, the defendant claimed that the trial court erred in considering the murder victim's standing in the community as an aggravating factor during sentencing. 169 Vt. at 272, 733 A.2d at 53. This Court held that, even if this were the case, the error was "harmless," because "defendant did not have any rights adversely affected." Id. at 273, 733 A.2d at 54. The Court noted that all aggravating factors listed in 13 V.S.A. § 2303(d) (now § 2303(e)), except for multiple victims, were present in that case, and the weighing of those remaining aggravating factors against the mitigating factors provided an "independent basis" for the court's decision to impose a term of life imprisonment.[6] Id.; see also 2005, No. 119 (Adj. Sess.), § 2 (amending § 2303). It thus affirmed the trial court's sentence. Bacon, 169 Vt. at 274, 733 A.2d at 54.

---

[6] This Court decided Bacon under the old statutory framework. See 13 V.S.A. § 2303(c) (formerly 13 V.S.A. § 2303(b)); see also 2005, No. 119 (Adj. Sess.), § 2 (amending § 2303). Under that sentencing scheme, courts were asked to weigh aggravating and mitigating factors and, if they determined the aggravating factors outweighed the mitigating factors, to set a minimum prison term of longer than twenty years or, if they determined the mitigating factors outweighed

7

¶ 13. In this case, the sentencing court had an independent basis for imposing the sentence it chose, and thus any improper consideration of an aggravating factor resulted in no prejudice to defendant. The court here specifically listed three other aggravating factors to justify its sentence: defendant's use of a firearm when prohibited, his contact with and abuse of the victim and his family despite an RFA order, and the high degree of hatred and premeditation he showed toward the victim. It further mentioned a variety of other considerations it made in fashioning the sentence, such as punishment, rehabilitation, general and specific deterrence, and incapacitation. The only reference to the victim's particular vulnerability appears in a single, brief reference in a lengthy discussion by the court, in which the court says: "[A]lthough you might not think so, I believe that the victim was particularly vulnerable . . . . It may not fit perfectly, but it is a factor in my mind." There is no further mention of particular vulnerability, including, notably, at the end of the sentencing hearing, where the court again summarizes the aggravating and mitigating factors it considered in determining the sentence to impose. This is particularly telling given that all other aggravating and mitigating factors the court had previously considered were mentioned in its conclusion before imposing sentence. Thus, defendant cannot satisfy the third prong of the plain error test.

¶ 14. Defendant claims that, assuming the court's consideration of "particular vulnerability" was error, there is no way to determine whether the remaining three aggravating factors by themselves outweigh the "substantial" mitigating factor of his alcohol abuse and dependence. But under the § 7030 framework, courts are no longer required to weigh the aggravating and mitigating factors associated with a particular homicide and determine whether the aggravating factors outweigh the mitigating factors, or vice versa. Instead, courts must simply

---

the aggravating factors, a term of shorter than twenty years but not less than ten years. 13 V.S.A. § 2303(c) (formerly 13 V.S.A. § 2303(b)). Courts are not required to engage in this balancing under 13 V.S.A. § 7030(a), which the court applied in defendant's case. See infra, ¶ 13.

consider the factors included in § 7030, as well as common-law factors listed above, in crafting a sentence. See supra, ¶ 7.

¶ 15. Defendant also contends that the mere fact that the sentencing court considered particular vulnerability proves that it affected the sentence imposed and that "[t]o conclude otherwise would require this Court to find that the lower court found an aggravating sentencing factor and then gave it no weight." But sentencing is not a scientific formula or process. Each aggravating factor does not come with a specified sentencing enhancement; rather, courts look at the aggravating and mitigating factors of a case as a whole as part of the "nature and circumstances of the crime." See 13 V.S.A. § 7030(a); see also Bacon, 169 Vt. at 273, 733 A.2d at 54 (holding that trial court's consideration of improper aggravating factor was harmless in context of multifactored sentencing determination). Were defendant's view correct, there would necessarily be prejudice every time a trial court improperly determined a circumstance of the crime to be an aggravating factor.

¶ 16. We conclude that based on these facts, the court's passing reference to and minimal consideration of the victim's "particular vulnerability" as an aggravating factor during sentencing did not "affect [his] substantial rights," nor did it "result in prejudice to [him]." Koons, 2011 VT 22, ¶ 11 (quotation omitted). Courts have broad discretion in determining the sentences they impose, and we will vacate those sentences for plain error only in "exceptional circumstances." State v. Oscarson, 2004 VT 4, ¶ 27, 176 Vt. 176, 845 A.2d 337 (quotation omitted). Such exceptional circumstances are not present here.

Affirmed.

FOR THE COURT:

_____

Associate Justice