VERMONT SUPREME COURT

109 State Street

Montpelier VT 05609-0801

802-828-4774

www.vermontjudiciary.org

Case Nos.   23-AP-065 &
            23-AP-085



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2023

State of Vermont v. Travis G. Cram\*

} APPEALED FROM:

} Superior Court, Addison Unit,

} Criminal Division

} CASE NOS. 300-8-19 Ancr & 21-CR-06717
Trial Judge: David R. Fenster

In the above-entitled causes, the Clerk will enter:

Defendant pled guilty to various crimes pursuant to a plea agreement and he appeals from the trial court's imposition of sentence.  He argues that the trial court failed to give sufficient weight to the fact that he took responsibility for his actions.  We affirm.

The record indicates the following.  In August 2019, defendant was charged with sexual assault, two counts of attempting to lure a child, and disseminating indecent material to a minor after he allegedly sexually assaulted his fourteen-year-old relative, sent her explicit text messages, and attempted to arrange to meet her to engage in further sexual acts.  Defendant entered into a plea agreement.  Defendant initially denied the factual basis for the sexual-assault charge during the plea colloquy but eventually admitted to the conduct underlying the offense. The court accepted the plea and ordered a presentence investigation report.  At the sentencing hearing in December 2020, however, the court rejected the plea and proposed sentence, noting that defendant failed to accept responsibility and the victim objected to the proposed sentence.

While the case was pending, defendant was charged with three counts of violating his conditions of release.  In June 2022, he entered into a new plea agreement, which the court accepted. Defendant pled guilty to sexual assault, one count of luring, and one count of violating his conditions of release.  At sentencing, the parties were allowed to argue for any sentence with a floor of three years to life, split to serve three years, and a ceiling of six years to life.  The parties agreed on the sentences for luring and violation of conditions of release; they disagreed on the sexual-assault sentence.  The State requested a sentence of six years to life while defendant sought a sentence of three years to life, split to serve three years.  The court imposed a global sentence of six years to life, straight to serve.

In reaching its conclusion, the court considered the factors set forth by statute, including the nature and circumstances of the crime, defendant's history and character, defendant's family circumstances and relationships, the impact any sentence may have on the defendant's minor children, the need for treatment, and the risk that defendant posed to himself, others, and the

community at large.  See 13 V.S.A. § 7030(a).  The court found that the victim was a family member who trusted defendant.  Defendant took advantage of that trust to sexually assault her and his actions had a devastating effect on the victim and other family members.  Defendant's acts were calculated, and he intended to engage in additional sexual acts with the victim.  The court recognized that defendant had taken some responsibility for his actions, which it considered in his favor.  On the other hand, defendant had violated his conditions of release while the case was pending, and the violation involved access to individuals who were subject to protection.  Defendant had minor children, who would be affected by defendant's sentence.  Defendant was in need of treatment, specifically, group-oriented evidence-based treatment for individuals who have sexually offended.  Defendant was assessed as presenting a moderate or moderate-low risk to reoffend.

Considering the totality of the factors, the court imposed a sentence of six years to life, straight to serve.  The court expressed its concern about defendant's failure to accept full responsibility for his behavior, noting that defendant did not immediately accept responsibility and denied responsibility in the initial psychosexual evaluation.  Even in the most recent psychosexual evaluation, the court continued, defendant did not take full responsibility.  He also blamed alcohol and drugs and his poor relationship with his wife for his actions.  The court determined that, to be successful, defendant would need to understand and accept what he did every day as he moved forward and imposing a straight sentence would help accomplish that goal.  His release would be contingent upon his continuing to accept that responsibility and engaging in treatment.  With respect to the minimum sentence, the court referenced the factors above, including that this was not an isolated incident, the victim was a family member who trusted defendant, defendant refused to take full responsibility for his actions, and he violated his conditions of release while the case was pending.

Defendant appealed in both dockets and the appeals were consolidated for our review.  Defendant argues that the court abused its discretion in imposing the maximum sentence allowed under the plea agreement.  He maintains that the court failed to give any mitigating consideration to his acceptance of responsibility despite saying that this weighed in his favor.

Our review of the court's decision is deferential.  "Absent exceptional circumstances, we will defer to the court's judgment so long as the sentence is within the statutory limits and was not based on improper or inaccurate information."  State v. Daley, 2006 VT 5, ¶ 6, 179 Vt. 589.

The court considered the statutory factors here and it did not base its decision on any improper or inaccurate information.  The court recognized that defendant had now accepted some responsibility for his actions.  It also found, however, that defendant initially denied responsibility and he continued to blame other factors for his actions.  Those findings are supported by the record.  The court was concerned by defendant's failure to take full responsibility for his actions, and it explained in detail how this information, along with other factors, supported its sentencing decision.  While defendant disagrees with the court's conclusion, we leave it to the trial court to assess the weight of the evidence.  See State v. Sullivan, 2018 VT 112, ¶¶ 6, 8, 208 Vt. 540 (recognizing that "[s]entencing is solely the function of the trial judge" and that trial court has broad discretion in "fashioning an appropriate, individualized sentence" (quotation omitted)).  Defendant fails to show any abuse of discretion.

Affirmed.

2

BY THE COURT:

---

Paul L. Reiber, Chief Justice

---

Harold E. Eaton, Jr., Associate Justice

---

Karen R. Carroll, Associate Justice