VERMONT SUPREME COURT                                          Case No.      23-AP-393
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2024

State of Vermont v. Randall Swartz\*       }    APPEALED FROM:
       }    Superior Court, Orleans Unit,
       }    Criminal Division
       }    CASE NO. 264-5-18 Oscr
          Trial Judge: Lisa Warren

In the above-entitled cause, the Clerk will enter:

Defendant, who pled guilty to second-degree murder, appeals his sentence of thirty years to life.  We affirm.

In May 2018, defendant was charged with second-degree murder for shooting his wife Thea Swartz.  The State subsequently amended the information to add a charge of first-degree murder.  In February 2023, defendant agreed to plead guilty to second-degree murder and two violations of conditions of release, in exchange for dismissing the first-degree murder charge.  The parties agreed to a contested sentencing on the murder charge.

At the change-of-plea hearing, the court explained to defendant that second-degree murder meant that he acted "intending to kill, or intending to do great bodily harm, or having a wanton disregard that your actions would result in the untimely death of another person."  The State then laid out the factual basis for the plea, asserting that defendant intended to kill his wife.  Defense counsel asked the court to find a factual basis "in the alternative," meaning that defendant acted either intentionally or with wanton disregard, because defendant's mental state would be an issue at sentencing.  Defendant then agreed that he committed second-degree murder by shooting his wife with either intent to kill, intent to cause great bodily harm, or wanton disregard of the likelihood of death or great bodily harm.

At sentencing, the State presented evidence that defendant had been physically and emotionally abusive to wife for years.  After he was charged with employment-related crimes in 2017, his behavior worsened, and he and wife began living apart.  Defendant stayed primarily in New York and wife stayed in the marital home.  When defendant stayed in their home, wife stayed with her parents.  Defendant accused wife of having an affair and began threatening to kill her.  Wife's father spoke with wife each morning to make sure she made it through the night.  The day before her murder, wife stayed at her parents' home and defendant stayed in the marital home.  Believing that defendant would return to New York the following day, wife went home.

That day, defendant twice called wife's parents, asking where she was in an agitated manner. He decided to go to the marital home. Wife was on the phone with her daughter when defendant arrived. She ended the call and called 911. She reported that defendant was pointing a pistol at her and was drinking. Defendant shot her with the pistol. The 911 record captured wife's screams and then defendant saying, "Fuck you. Don't tell me nothing. Nothing. You know what? You (indiscernible). Hey, you fucking cunt, you deserve it in all you do." Defendant then said, "Fuck, You dead? Are you dead? You dead?" Defendant then shot himself in the chest. Police arrived and found wife dead and defendant wounded on the floor.

The State requested a sentence of fifty years to life. Defendant asked for fifteen years to life, split to serve eight years, noting that he had already served over five years in prison. He argued that he didn't intend to kill wife and that his alcohol impairment at the time of the offense was a mitigating factor.

In imposing the sentence, the court stated that it had considered the evidence presented, defendant's allocution, the statutory factors and sentencing goals, and the pre-sentence investigation report. The court found that defendant had emotionally and physically abused wife for years. It found that defendant was a heavy drinker who was able to do things like designing and using his reverse osmosis equipment while drinking. It credited expert testimony that defendant's alcohol use at the time of the shooting did not mean that he lacked intent. After considering all the events and defendant's statements prior to and after the murder, the court concluded that defendant intended to kill wife. The court sentenced defendant to thirty years to life, stating, "[t]he Court finds that an upward indication from the twenty years, the minimum presumptive sentence, is warranted here based on all of the overwhelming evidence put forth by the various witnesses." Defendant did not object to the sentence. This appeal followed.

"Sentencing is solely the function of the trial judge," and we therefore typically review a sentence for abuse of discretion. State v. Lumumba, 2014 VT 85, ¶ 22, 197 Vt. 315. "However, if the appellant fails to object to his or her sentence at the time of sentencing, as in this case, the Court will vacate that sentence only upon a finding of plain error." State v. Ray, 2019 VT 51, ¶ 6, 210 Vt. 496. For this Court to vacate a sentence based on plain error, "[f]irst, there must be an error; second, the error must be obvious; and third, it must affect substantial rights and result in prejudice to the defendant." State v. Yoh, 2006 VT 49A, ¶ 39, 180 Vt. 317.

On appeal, defendant argues that the court erred in applying a "presumptive" sentence and enhancing the sentence by ten years using facts not proven to a jury because this practice was ruled unconstitutional in Apprendi v. New Jersey, 530 U.S. 466 (2000) and State v. Provost, 2005 VT 134, 179 Vt. 337. We see no error, let alone plain error. Under Vermont's current sentencing scheme, which was enacted in response to Apprendi and Provost,

> [t]he mandatory minimum imposed by the Legislature does not represent a presumptive minimum sentence. The mandatory minimum limits the trial judge's discretion in imposing a minimum sentence less than the mandatory minimum, but it does not limit the trial judge's discretion in imposing a minimum sentence greater than the mandatory minimum. The court is not required to find aggravating factors to impose a minimum sentence greater than the mandatory minimum. So long as the court imposes a sentence within the statutory limits, which is not based upon

2

> improper or inaccurate information, and is not the result of personal animus or bias, it will be affirmed.

State v. Sullivan, 2018 VT 112, ¶ 12, 208 Vt. 540 (quotation and alteration omitted).

Here, the court's reference to a "presumptive sentence," when viewed in context, plainly referred to the mandatory minimum of twenty years set forth in 13 V.S.A. § 2303(a)(2). Its statement that it was expanding the minimum term "upward" was another way of stating that it was exercising its discretion to impose a greater minimum term within the prescribed statutory range. Apprendi and Provost are inapplicable in this case because the sentence defendant received did not exceed the statutory maximum for second-degree murder, the crime to which he pled guilty. Cf. Yoh, 2006 VT 49A, ¶ 40 (holding trial court committed plain error by increasing first-degree murder sentence beyond presumptive sentence of life with a minimum of thirty-five years to life imprisonment without parole based on aggravating factors not proven to jury). As we have explained, "[u]nder Apprendi, sentencing judges retain discretion to impose any sentence within the range prescribed by statute." State v. Butson, 2008 VT 134, ¶ 12, 185 Vt. 189.

Contrary to defendant's argument, the court's conclusion that defendant acted with intent, as opposed to wanton disregard—both of which defendant admitted to at the plea colloquy—did not impact the overall sentencing range. Rather, it was one of several factors that the court weighed in imposing a higher minimum within the statutory range and was appropriate for the court to consider. See State v. Webster, 2017 VT 98, ¶ 46, 206 Vt. 178 (holding court did not abuse discretion in imposing sentence of forty years to life for second-degree murder based in part on findings that defendant acted deliberately and without provocation in killing victim). Moreover, defendant agreed to have the sentencing court serve as factfinder and expressly left the issue of mens rea for the trial court to decide at sentencing. He therefore waived the right to challenge that procedure on appeal. See State v. King, 2006 VT 18, ¶ 13, 179 Vt. 400 (holding that where defendant agreed to have trial court serve as factfinder to determine appropriate sentence, he waived right to challenge sentencing procedure on appeal).

Defendant does not otherwise challenge the sentence imposed by the court. Accordingly, we see no basis to disturb it.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

3